RENDELL, Circuit Judge,
dissenting.
RENDELL, Circuit Judge.
I write separately in dissent to voice confidence in, and support for, the proposition that under our current statutory scheme, the district courts may exercise supplemental jurisdiction to decide issues of state law pursuant to 28 U.S.C. § 1367. In our recent opinion in De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), we did find fault with the district court’s exercise of such jurisdiction, but we went to great pains to explain the unique setting in which we found such exercise to be an abuse.[1]
Here, the District Court decided the discrete state law issue of the appropriate standard to be applied under the New Jersey Law Against Discrimination. While, clearly, a district court may decline to exercise jurisdiction over such an issue, so, too, is it empowered to decide such an issue.[2] Here, it did so, and the parties are entitled to our view as to whether its decision was correct. Instead, the majority has issued a sweeping ruling, sua sponte, that the District Court abused its discretion by deciding the issue and should have remanded it to state court.
I disagree. The District Court here had every right to decide the issue as presented, and our requiring a remand to the state court will result in a waste of the parties’ and the state court’s time. The parties have specifically sought only our review or, alternatively, our certification of the issue—admittedly a unique state law issue—to the New Jersey Supreme Court. Either of those options would, in my mind, be viable. Sending them back to state court, after the District Court has opined on the issue, is not. Accordingly, I respectfully dissent.

. De Asencio involved a class action brought in federal court alleging claims under the federal Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law. There, we found the district court’s certification of the state law class to be an abuse of discretion based on the incompatibility of the federal opt-in scheme with the opt-out scheme for the state law class, and the disparity in class size (447 for the federal claim; 4100 for the state law claim). De Asencio, 342 F.3d at 315. In reaching our conclusion, we also noted that “unique circumstances” surrounded the litigation, and suggested that the bringing of the state law class claim was a strategic move. Id. at 315.

. While other courts of appeals have held that district courts abuse their discretion by retaining jurisdiction over pendent state law claims after all related federal claims have been dismissed, see, e.g., Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir.1993) (requiring remand of such claims absent "extraordinary circumstances”), we have declined to adopt such a limitation on the discretion of district courts within our circuit, see In re Paoli R.R. Yard PCB Litig., 35 F.3d 717 (3d Cir.1994) (examining broader principles of judicial economy and holding that the district court did not abuse its discretion in granting summary judgment on state law claims after federal CERCLA claims were dismissed prior to trial), neither does the language of the statute mandate such a limitation. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction” (emphasis added)).